**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JERRY VANDIVER,

    Plaintiff,                                     CASE NO. 08-CV-10487

v.                                             DISTRICT JUDGE GEORGE CARAM STEEH
                                                  MAGISTRATE JUDGE CHARLES BINDER

BRAD TERRILL,
BRIAN WEST,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO THE PRISON LITIGATION REFORM ACT**

**I.**      **RECOMMENDATION**

**IT IS RECOMMENDED** that the Court **VACATE** the order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs that was entered on February 2, 2008, and **REVOKE** Plaintiff's *in forma pauperis* status because Plaintiff had three strikes under 28 U.S.C. § 1915(g) at the time he filed this lawsuit. It is further recommended that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

**II.**      **REPORT**

     **A.**      **Background**

Plaintiff is a prisoner who is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Plaintiff filed this *pro se* prisoner civil rights suit on February 1, 2008, alleging that his rights were violated in August 2007 while he was an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan. In early February, Plaintiff's

application to proceed *in forma pauperis* was granted and the U.S. Marshal was directed to serve process. On February 25, 2008, the case was referred to the undersigned magistrate judge for pretrial case management. Upon screening the case, it was found that Plaintiff VanDiver, who has filed over 30 cases in the Eastern Michigan and Western Michigan Districts of the United States Courts since 1988, had "three strikes," as defined by the Prison Litigation Reform Act ("PLRA"), prior to the filing of this case.

**B.      Governing Law**

The PLRA, which was enacted on April 26, 1996, contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same).

When determining whether a plaintiff has three prior cases that qualify as strikes, the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Futhermore, cases that were dismissed in part for

failure to exhaust administrative remedies and in part for failure to state a claim also count as strikes. *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007). If three strikes are found, the court must deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee before proceeding to the merits of the case. *Wilson*, 148 F.3d at 602-04.

**C.    Discussion**

A search of the U.S. District Court docket reveals that when this case was filed Plaintiff had at least three strikes: *VanDiver v. Evans*, case no. 03-CV-00152 (W.D. Mich.) (dismissed for failure to state a claim); *VanDiver v. Kelly*, case no. 98-CV-00250 (W.D. Mich.) (dismissed as frivolous and for failing to state a claim; docket specifically states that the dismissal shall count as a strike); *VanDiver v. Avery,* case no. 89-CV-73166 (E.D. Mich.) (dismissed for failure to state a claim[1]). Furthermore, Plaintiff has not alleged that he is under an imminent threat of harm, but rather seeks to bring forward claims that his civil rights were violated in August 2007 by two officers at the Gus Harrison Correctional Facility where he was then incarcerated.

Accordingly, because Plaintiff attained three strikes prior to filing this case and he has not alleged that he is in danger of immediate harm, I suggest that the grant of Plaintiff's application to proceed without prepayment of fees and costs be vacated pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

---

[1] The docket states that the complaint was dismissed "under Rule 12(b)." The Sixth Circuit's opinion affirming the dismissal clarifies that the District Court's dismissal was for failure to state a claim. *See VanDiver v. Avery*, 1993 WL 30502, *1 (6th Cir. Feb. 9, 1993) (unpublished).

3

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
    CHARLES E. BINDER
Dated: March 28, 2008    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Christine Campbell, served on Jerry VanDiver by First-Class Mail, and served on U.S. District Judge Steeh in the traditional manner.

Dated: March 28, 2008    By    s/Mimi D. Bartkowiak
    Law Clerk to Magistrate Judge Binder